# Exhibit A

Filing # 183255649 E-Filed 10/04/2023 04:41:44 PM

IN THE CIRCUIT COURT FOR THE 11th
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 2023-010570-CA-01

JANE DOE,

      Plaintiff,

v.

INTERCONTINENTAL HOTEL GROUP PLC
d/b/a IHG Hotels & Resorts and d/b/a Inter-Continental Hotels Corporation

SIX CONTINENTS HOTELS, INC.
d/b/a Inter-Continental Hotels Corporation
d/b/a Holiday Inn Resort Montego Bay

HOLIDAY INNS, INC.
d/b/a Holiday Inn Resort Montego Bay

HOLIDAY HOSPITALITY FRANCHISING, LLC
d/b/a Holiday Inn Resort Montego Bay,

EAST BAY MANAGEMENT COMPANY LIMITED,
d/b/a Holiday Inn Resort Montego Bay,

      Defendants.

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff amends her complaint pursuant to Fla. R. Civ. P. 1.190(a) and brings this action against Defendants, INTERCONTINENTAL HOTEL GROUP PLC, SIX CONTINENTS HOTELS, INC.[1], HOLIDAY INN, INC., HOLIDAY HOSPITALITY FRANCHISING, LLC, and EAST BAY MANAGEMENT COMPANY LIMITED, and alleges the following:

## THE PARTIES

1. Plaintiff, JANE DOE, is a U.S. citizen and resident of Pennsylvania.

---

[1] Adding Six Continents Hotels, Inc. as a named Defendant, by stipulation of the parties.

- 1 -

L I P C O N ,   M A R G U L I E S   &   W I N K L E M A N ,   P . A .

### *First Defendant – INTERCONTINENTAL HOTEL GROUP PLC*

2. At all times material, Defendant, INTERCONTINENTAL HOTEL GROUP PLC d/b/a Holiday Inn ("IHG"), is and was incorporated in Delaware, with its global headquarters in the United Kingdom, and its Americas office in Georgia.  IHG is the ultimate parent corporation which holds, owns and/or operates all "Holiday Inn" brand hotels and resorts around the world, including the Holiday Inn Resort Montego Bay.

3. At all times material, Defendant, IHG conducted ongoing and systematic business in Florida. For example, IHG registered its business with the State of Florida by registering itself as a Foreign Profit Corporation as "*Inter-Continental Hotels Corporation"*, thereby giving this court personal jurisdiction over IHG pursuant to Florida Statute §§ 48.193 and/or 48.091.

4. In addition, IHG registered its business with the State of Florida by registering their controlled subsidiary, Holiday Inn Club Vacations Incorporated located at 9271 S. John Young Parkway, Orlando, FL, 32819, thereby giving this court personal jurisdiction over IHG pursuant to Florida Statute §§ 48.193 and/or 48.091.

5. As another example, upon information and belief, Defendant IHG, employed Patrick Geo Flemmings, who lives and works in Miami, Florida. Mr. Flemmings' job title is "Associate director of leisure sales at InterContinental Hotel Group and Sales Manager for Holiday Inn. Resort & Spa Montego Bay." Upon information and belief, Mr. Flemmings facilitates and maintains marketing and sales relationships among all the Defendants herein and the subject Resort, Holiday Inn Resort Montego Bay, by helping promote the Resort, solicit reservations for the subject Resort, and otherwise is in charge of sales for the Defendants herein and their subject joint business venture.

6. At all times material, United Agent Group Inc. is and was the Registered Agent for IHG and HOLIDAY HOSPITALITY FRANCHISING, LLC, and is authorized to accept service of process for IHG at 801 US HWY 1, N Palm Beach, FL 33408, pursuant to Florida Statute §§ 48.193 and/or 48.091.

7. At all times material, Defendant, IHG primarily owned, maintained, operated, managed and/or controlled all other named Defendants in this action, including the Resort in Montego Bay, Jamaica, the Resort at which the Plaintiff was sexually assaulted.

8. At all times material, Defendant, IHG, SIX CONTINENTS HOTELS, INC., and/or other defendants in this action entered into a management and/or licensing and/or franchising agreement with Defendants, EAST BAY MANAGEMENT COMPANY LIMITED to co-own, co-maintain, co-operate, co-manage and/or co-control the Resort in Montego Bay, Jamaica, the Resort at which the Plaintiff was sexually assaulted.

### *Second Defendant – SIX CONTINENTS HOTELS, INC.*

9. At all times material, Defendant, SIX CONTINENTS HOTELS, INC. ("SCH"), is and was incorporated in Delaware, with its principal place of business in Georgia.

10. SCH is a subsidiary of IHG, and a parent company of all other defendants here. In partnership with IHG, SCH owns and/or operates all "Holiday Inn" brand hotels and resorts around the world, including the subject Resort, Holiday Inn Resort Montego Bay.

11. In 2020 and 2021, SCH filed a Form 5500 with the U.S. Department of Labor which reflects its sponsorship of defendant IHG's 401(k) Savings and Retirement Plan.

12. Similarly, in 2020, SCH filed a Form 5500 with the U.S. Department of Labor which reflect that it is sponsoring "Six Continents Hotels, Inc. Health & Welfare Benefits Program" along with Defendant IHG, as co-sponsor.

13. At all times material, Defendant, SCH conducted ongoing and systematic business in Florida. For example, SCH registered its business with the State of Florida by registering itself as a Foreign Profit Corporation, thereby giving this court personal jurisdiction over SCH pursuant to Florida Statute §§ 48.193 and/or 48.091.

14. As described above, upon information and belief, Defendant IHG, employed Patrick Geo Flemmings, who lives and works in Miami, Florida. Mr. Flemmings' job title is "Associate director of leisure sales at InterContinental Hotel Group and Sales Manager for Holiday Inn. Resort & Spa Montego Bay." Upon information and belief, Mr. Flemmings facilitates and maintains marketing and sales relationships among all the Defendants herein and the subject Resort, Holiday Inn Resort Montego Bay, by helping promote the subject Resort, solicit reservations for the subject Resort, and otherwise is in charge of sales for the Defendants herein and their subject joint business venture.

15. At all times material, United Agent Group Inc. is and was the Registered Agent for IHG and SCH, and other defendants herein and is authorized to accept service of process for SCH at 801 US HWY 1, N Palm Beach, FL 33408, pursuant to Florida Statute §§ 48.193 and/or 48.091.

16. At all times material, Defendant, IHG, SIX CONTINENTS HOTELS, INC., and/or other defendants in this action entered into a management and/or licensing and/or franchising agreement with Defendant, EAST BAY MANAGEMENT COMPANY LIMITED to co-own, co-maintain, co-operate, co-manage and/or co-control the Resort in Montego Bay, Jamaica, the Resort at which the Plaintiff was sexually assaulted.

### Third Defendant – HOLIDAY INNS, INC.

17. At all times material, Defendant, HOLIDAY INNS, INC. ("HI"), is and was incorporated in Delaware, with its principal place of business in Georgia. HI is a subsidiary of IHG and SCH,

- 4 -

LIPCON, MARGULIES & WINKLEMAN, P.A.

and both exercise control over and receives revenue, directly and/or indirectly, from HI. Where IHG is the ultimate parent and SCH is a parent and holding company for the "Holiday Inn" brand and "Holiday Inn" named resorts, HI is the operational entity that controls the other "Holiday Inn" brands, and other "Holiday Inn" branded subsidiaries, like Defendant HOLIDAY HOSPITALITY FRANCHISING, LLC, and receives revenue, directly or indirectly, from "Holiday Inn" branded subsidiaries and/or business ventures, like the subject Resort.

18. For example, HI has approximately 2,292 Holiday Inn Express locations in the United States, 545 Holiday Inns, and 25 Holiday Inn Club Vacation locations in the United States. Of the United States locations, Florida hosts 141 (six percent) Holiday Inn Express properties, 50 (nine percent) Holiday Inn properties, and 5 (twenty percent) of Holiday Inn Club Vacation properties. HI, therefore, employs thousands of individuals throughout Florida. Of the thousands of HI employees in Florida, there is Patrick Geo. Flemmings, who lives and works in Miami, Florida. Mr. Flemmings' job title is "Associate director of leisure sales at InterContinental Hotel Group and Sales Manager for Holiday Inn Resort & Spa Montego Bay."  Upon information and belief, Mr.  Flemmings facilitates and maintains marketing and sales relationship between Defendants, IHG, HI, HOLIDAY HOSPITALITY FRANCHISING LLC, EAST BAY MANAGEMENT COMPANY LIMITED, and the subject Resort, Holiday Inn Resort Montego Bay by helping promote the subject Resort, solicit reservations for the subject Resort, and otherwise is in charge of sales for the Defendants herein and their subject joint business venture. In addition, Holiday Inn Club Vacations Incorporated, mentioned above, maintains its corporate office in Orlando. Eight of its registered corporate executives live and work in Orlando, and a ninth lives and works in Ft. Lauderdale.

L I P C O N ,   M A R G U L I E S   &   W I N K L E M A N ,   P . A .

19. At all times material, Defendant HI conducted ongoing and systematic business in Florida. For example, upon information and belief, HI employed Mr. Flemmings, who works in Florida as described above; and an HI-controlled subsidiary, Holiday Inn Club Vacations Incorporated, is a business registered with the State of Florida, located at 9271 S. John Young Parkway, Orlando, FL, 32819; with corporate officers living and working in Orlando, thereby giving this court personal jurisdiction over HI pursuant to Florida Statute §§ 48.193 and/or 48.091.  At all times material, United Agent Group Inc. is and was the Registered Agent for IHG and HI and is authorized to accept service of process for IHG and HI at 801 US HWY 1, N Palm Beach, FL 33408, pursuant to Florida Statute §§ 48.193 and/or 48.091.

20. At all times material, Defendant, HI co-owned, co-maintained, co-operated, co-managed and/or co-controlled all other named Defendants in this action, including the Resort in Montego Bay, Jamaica, the Resort at which the Plaintiff was sexually assaulted.

21. At all times material, Defendant, HI and/or one of its controlled subsidiaries (i.e. HOLIDAY HOSPITALITY FRANCHISING, LLC) entered into a management agreement with Defendants EAST BAY MANAGEMENT COMPANY LIMITED to co-own, co-maintain, co-operate, co-manage and/or co-control the Resort in Montego Bay, Jamaica, the Resort at which the Plaintiff was sexually assaulted.

### Fourth Defendant – *HOLIDAY HOSPITALITY FRANCHISING, LLC*

22. At all times material, Defendant, HOLIDAY HOSPITALITY FRANCHISING, LLC. ("HHF") was and is incorporated Delaware, with its principal place of business in Georgia. HHF is registered in Florida as a Foreign Limited Liability Company.

L I P C O N ,   M A R G U L I E S   &   W I N K L E M A N ,   P . A .

23. At all times material, HHF co-owned, co-maintained, co-operated, co-managed and/or co-controlled the Holiday Inn Resort Montego Bay in Montego Bay, Jamaica along with the other named Defendants in this Action.

24. HHF is a subsidiary of IHG and SCH, and a sister company of HI. IHG and SCH exercise control over and receives revenue, directly and/or indirectly, from HHF. Where IHG and SCH is the parent company and operational control company for HHF, HHF conducts business for IHG, SCH, and HI by managing, directing, and creating HI franchise location. HI thus receives revenue, directly or indirectly, from HHF in connection with the operation of nearly three thousand HI franchises launched by HHF.

25. At all times material, Defendant, HHF conducted ongoing and systematic business in Florida. For example, HI and HHF have approximately 2,292 Holiday Inn Express locations in the United States, 545 Holiday Inn', and 25 Holiday Inn Club Vacation locations in the United States. Of the United States locations, Florida hosts 141(six percent) Holiday Inn Express properties, 50 (nine percent) Holiday Inn properties, and 5 (twenty percent) of Holiday Inn Club Vacation properties. HI and HHF, therefore, employ thousands of individuals throughout Florida. upon information and belief, HHF employed Patrick Geo Flemmings, who lives and works in Miami, Florida. Mr. Flemmings' job title is "Associate director of leisure sales at InterContinental Hotel Group and Sales Manager for Holiday Inn. Resort & Spa Montego Bay." upon information and belief, Flemmings facilitates and maintains marketing and sales relationship among IHG, SCH, HHF, and EAST BAY MANAGEMENT COMPANY, LIMITED, and the subject Resort, Holiday Inn Resort Montego Bay. Specifically, he helps promote the subject Resort, solicit reservations for the subject Resort, and otherwise is in charge of sales for the Defendants herein and their subject joint business venture.

- 7 -

26. At all times material, Defendant, HHF conducted ongoing and systematic business in Florida. For example, HI employed Flemmings, who works in Florida as described above; and an HI-controlled subsidiary, Holiday Inn Club Vacations Incorporate, is a business registered with the State of Florida, located at 9271 S. John Young Parkway, Orlando, FL, 32819; with corporate officers living and working in Orlando, thereby giving this court personal jurisdiction over HHF pursuant to Florida Statute §§ 48.193 and/or 48.091.  At all times material, United Agent Group Inc. is and was the Registered Agent for HHF and is authorized to accept service of process for IHG at 801 US HWY 1, N Palm Beach, FL 33408, pursuant to Florida Statute §§ 48.193 and/or 48.091.

27. At all times material, Defendant, HFF entered into a management agreement with Defendant, EAST BAY MANAGEMENT COMPANY LIMITED and/or all other named Defendants herein to co-own, co-maintain, co-operate, co-manage and/or co-control the Resort in Montego Bay, Jamaica, the Resort at which the Plaintiff was sexually assaulted.

### *Fifth Defendant – EAST BAY MANAGEMENT COMPANY LIMITED*

28. At all times material, Defendant, EAST BAY MANAGEMENT COMPANY LIMITED ("EBM") was and is a corporation incorporated in Jamaica, upon information and belief, having its principal place of business at 85, Knutsford Boulevard, Kingston 5, Saint Andrew, Jamaica.

29. At all times material, EBM co-owned, co-maintained, co-operated, co-managed and/or co-controlled the Holiday Inn Resort Montego Bay along with the other named Defendants in this Action. Specifically, EBM launched the resort in partnership with the other defendants named herein.

30. While Defendants IHG, SCH, HI, and HHF primarily operated the Holiday Inn-corporation side of the subject joint venture (including, but not limited to, promoting the resort, sales, and

promulgation of policies and procedures); Defendant, EBM primarily conducted operations on the ground at the subject Resort (including, but not limited to, retaining security personnel and ensuring resort employees and/or agents complied with Holiday Inn company policies concerning the resort's operation).

31. At all times material, Defendant, EBM entered into a management agreement with the Defendants herein to co-own, co-maintain, co-operate, co-manage and/or co-control the Resort in Montego Bay, Jamaica, the Resort at which the Plaintiff was sexually assaulted

### *Overview of Defendants' Joint Venture*

32. The Defendants' hotel/resort operations, marketing, vacation package designing, and/or vacation planning for the subject Resort are directed and controlled through joint ventures of the defendants named herein, including their joint employees and/or subsidiaries and/or agents.

33. At all times material defendants IHG, SCH, HI, and HHF, have their principal place of business located at the same location, at 3 Ravinia Dr., Suite 100, Atlanta, Georgia 30346-2149.

34. The named Defendants herein, are, and at the time of the subject incident were, engaged in a joint venture to co-own, co-maintain, co-operate, co-manage and/or co-control the Holiday Inn Resort Montego Bay in Montego Bay Jamaica.

35. At all times material, the Defendants named herein, are and were parties to an express or implied contract(s) and/or management agreement(s), the subject of which is ownership, operation, promotion and/or control of the subject Resort at which the Plaintiff was sexually assaulted.

36. The Defendants named herein share a community of interest or a joint proprietary interest in the ownership, management and operation of the subject Resort, as factually outlined below. Further, the Defendants named herein have joint control or the right to control the operations of the subject Resort, and a duty to share in the profits and losses.

LIPCON, MARGULIES & WINKLEMAN, P.A.

## JURISDICTION

### *Subject Matter Jurisdiction*

37. This is an action for damages in excess of this Court's jurisdictional minimal limits of $50,000.00, exclusive of costs, fees and interest, and is otherwise within the jurisdiction of this Court.

### *Personal Jurisdiction – Florida Statute §48.193*

38. At all times material hereto, the Defendants, IHG, SCH, HI, HHF, and EBMC are and were corporations operating, conducting, engaging, and carrying out business and/or business ventures based in the state of Florida, thereby subjecting itself and its joint venturers, including the other Defendants herein, to jurisdiction in this state under the Florida long arm statutes and/or case law.

39. A business entity, whether or not a citizen or resident of Florida, personally or through an agent, submits itself to a Florida Court's jurisdiction if it engages in substantial and not isolated activity within the state, whether or not the claim arises from that activity. Florida Statute § 48.193(2).

40. At all times material hereto, the Defendants herein, in connection with Florida Statute §48.193(1)(a)(1) and/or § 48.193(2), conducted a joint venture to co-own, co-maintain, co-operate, co-manage and/or co-control the Resort in Montego Bay, Jamaica through the following conduct:

   a. Developed, organized, packaged, designed, planned, operated, promoted, advertised, marketed, vouched for, and directly sold vacations for and at Resort;

   b. Oversaw, supervised, audited, tracked, and monitored vacations for and at the Resort;

   c. Determined pricing for the Resort and its merchandise;

   d. Shared in the Resort's profits with and/or distributed profits, directly or indirectly to, the named Defendants/joint venturers;

   e. Shared in the Resort's losses with the named Defendants/joint venturers

f.   Promulgated rules, policies and procedures, and regulations for the operation at Resort;

g.   Supervised and monitored performance of the Resort;

h.   Collected monies for vacations sold at the Resort;

i.   Investigated customer complaints;

j.   Issued refunds;

k.   Maintained records keeping;

l.   Managed public relations;

m.  Managed websites;

n.   Issued press releases;

o.   Maintained Florida phone numbers and mail addresses;

p.   Developed partnerships and/or other business relationships with Florida entities and/or entities based in the United States;

q.   Derived substantial income from promoting, marketing, coordinating, directly selling and vouching for vacation packages from Florida to U.S. citizens, including the Plaintiff; and

r.   Shared common officers, directors, management, employees, and resources in order to perform all of the above.

41. Further, this Court has general personal jurisdiction over all the Defendants named herein pursuant to section 48.193(b)(2), Florida Statutes, as all Defendants have in the past and continue to engage in substantial and not isolated business activity on a continuous and systematic basis within the State of Florida, as outlined above.

42. All Defendants control varying day-to-day operations of the Resort.

LIPCON,  MARGULIES  &  WINKLEMAN,  P.A.

43. For example, Defendant IHG's Patrick Geo Flemmings, lives and/or works in Miami, Florida while, upon information and belief, he engages in substantial and not isolated activity in the state of Florida in furtherance of promoting the Resort from Florida and other similar profit-seeking joint venture objectives and obligations. Similarly, the joint venture subsidiary, Holiday Inn Club Vacations Incorporated, is incorporated in and has its principal place of business in Florida, and its corporate officers live and work in Orlando and Fort Lauderdale, Florida.

44. At all material times, a joint venture existed between the Defendants named herein whereby Defendants are jointly and severally responsible for the negligence of each other as partners and/or active participants of the joint venture.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

45. On or about May 15, 2022, the Plaintiff and her family were guests at the Holiday Inn Resort Montego Bay, in Montego Bay, Jamaica, the Resort co-owned and/or co-operated by the named Defendants herein.

46. The Holiday Inn Defendants' corporate website advertises that it is "ranked as the #1 most trusted brand in the travel & hospitality industry" which provides reliability and comfort. Moreover, the IHG corporate website states:

> Safety and security is a key area of focus for our business. IHG employs a team of global risk specialists to coordinate and monitor a safety and security management system to mitigate systemic health and safety or security issues across our hotels.[2]

47. This is an action for damages which arise from a rape and/or sexual assault committed by an individual referred herein as the Plaintiff's assailant ("Assailant") on May 15, 2022.

---

https://www.ihgplc.com/en/-/media/ihg/files/responsible-business/2020-reporting/2020_ihg_rbr_safetyandsecurity.pdf?la=en&hash=A87DEA293E1936CBCE80538CCCD36064

- 12 -

48. The subject assault occurred at the Holiday Inn Resort Montego Bay in Montego Bay, Jamaica (hereinafter the "Resort") and occurred when the Plaintiff was a guest at the subject Resort staying with her family and friends.

49. In the early hours of May 15, 2022, the Plaintiff was at the Resort's poolside bar with her travel companions. The Assailant approached the Plaintiff and told her he was not a resort guest, but that he was only there to attend a wedding.

50. A short while later, the Plaintiff was visibly and overly intoxicated and drowsy while walking in the common area on the second floor of the Resort lobby, as shown in the Resort's CCTV footage of that night.  The Plaintiff was on a sofa and completely immobile in direct view of a CCTV camera while an individual appearing to be a Resort employee sees her and does not ask if she needs assistance.

51. A short while later, the Assailant enters the subject area, sees the Plaintiff, sits on the floor besides her, watches her, and removes his shirt while the Plaintiff remains unconscious on the sofa.

52. Soon thereafter, the Assailant removes his pants while lying behind the Plaintiff and rapes and sexually assaults her while she is unconscious on the sofa.

53. The Assailant sexually assaults and rapes the Plaintiff for an extended period of time in direct view of the Resort CCTV surveillance and Resort employees.

54. The Plaintiff did not consent to the assailant's sexual acts nor could she.

55. A Resort Employee saw the Assailant and the Plaintiff at multiple times before, during, and after the subject incident but walked in the other direction.

56. After the sexual assault and rape, the Plaintiff awakens, pulls her pants up, and flees the Assailant, who promptly follows her throughout the Resort.

LIPCON,   MARGULIES   &   WINKLEMAN,   P.A.

57. A criminal investigation ensued as a result of the subject incident and the Assailant was identified by the local authorization for his crimes. The Assailant plead guilty and was sentenced after trial in Jamaica.

58. As the instant Amended Complaint alleges, the Assailant was not a guest of the Resort but was there to attend a wedding. The Plaintiff was raped in the early hours of the morning when the wedding was and/or should have been over, the bar was or should have been closed, and security should have been abound.

59. All Defendants, including the Resort Defendants, knew or should have known the assailant's dangerous motive(s) when they saw him approaching, watching, and lying next to the Plaintiff, who was unconscious during the assault and rape. Defendants boast their ability to provide guests with a safe vacation, yet there were no security personnel at the Resort who intervened to prevent this preventable crime. Defendants' failure to take reasonable and necessary precautions caused the Plaintiff to suffer a horrific, life-altering event.

### COUNT I – PREMISE LIABILITY AGAINST ALL DEFENDANTS

The Plaintiff realleges, incorporates by reference, and adopts the allegations set forth in paragraphs one (1) fifty-nine (59) above as though alleged originally herein.

60. At all material times, Defendants had a duty to exercise reasonable care under the circumstances for the health and personal safety of its guests, including the Plaintiff.

61. On or about the above date(s), Defendants and/or their controlled subsidiary companies, agents, servants, joint venturers and/or employees breached their duty to Plaintiff through the following acts and/or omissions:

    a. Failing to provide a reasonably safe premises upon which resort guests would not be subject to sexual assault;

b.   Failing to enforce its own rules or policies regarding the safety of guests and invitees on the resort property;

c.   Failing to have an adequate system in effect to prevent guests from being sexually assaulted on the resort property;

d.   Failing to adequately monitor and supervise the resort premises to ensure that all guests are safe and/or not sexually assaulted;

e.   Failing to provide an adequate number of supervisory personal to monitor the resort property;

f.   Inadequately performing security checks of the resort premises; and

g.   Creating an environment whereby guests would be deceived into believing that they are in a safe environment where guest comfort and security is their priority; when in reality, Defendants failed to carry out their priority for guest security.

62. All or some of the above acts and/or omissions by Defendants, their agents, their joint venturers and/or employees, directly caused and/or contributed to the Plaintiff being sexually assaulted.

63. Defendants knew of the foregoing conditions causing the subject incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. In addition, Defendants created the dangerous conditions by the lack of supervision and/or security around the time of the subject incident.

64. As a result, all named Defendants herein are responsible for the negligence of their co-venturers, as well as their own active negligence.

65. As a direct and proximate result of the above described negligence, the Plaintiff was injured about her body and extremity, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disabilities, impairment, inconvenience in the normal pursuits and

LIPCON, MARGULIES & WINKLEMAN, P.A.

pleasures of life, feelings of economic insecurity caused by disability, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of their injuries including psychiatric care, suffered physical handicap, and her working ability and earning capacity have been impaired. The injuries and damages are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of their vacation, resort, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendants, including punitive damages, and demands trial by jury of all issues so triable.

### COUNT II – NEGLIGENT UNDERTAKING AGAINST ALL DEFENDANTS

The Plaintiff realleges, incorporates by reference, and adopts the allegations set forth in paragraphs one (1) through fifty-nine (59) above as though alleged originally herein.

66. At all material times, Defendants had a duty to exercise reasonable care under the circumstances for the health and personal safety of its guests, including the Plaintiff.

67. On or about the above date(s), Defendants and/or their controlled subsidiary companies, agents, servants, joint venturers and/or employees breached their duty to Plaintiff through the following acts and/or omissions:

    a. Undertaking a duty to provide security at the resort, among other duties, and failing to reasonably carry out that duty by failing to provide a reasonably safe premises upon which resort guests would not be subject to sexual assault;

    b. Undertaking a duty to provide security at the resort, among other duties, and failing to reasonably carry out that duty by failing to enforce its own rules or policies regarding the safety of invitees on the resort property;

    c. Undertaking a duty to provide security at the resort, among other duties, and failing to reasonably carry out that duty by failing to have an adequate system in effect to prevent guests from being sexually assaulted on the resort property;

- 16 -

d.  Undertaking a duty to provide security at the resort, among other duties, and failing to reasonably carry out that duty by failing to adequately monitor and supervise the resort premises to ensure that all guests are safe and/or not sexually assaulted;

e.  Undertaking a duty to provide security at the resort, among other duties, and failing to reasonably carry out that duty by failing to provide an adequate number of supervisory personal to monitor the resort property;

f.  Undertaking a duty to provide security at the resort, among other duties, and failing to reasonably carry out that duty by inadequately performing security checks of the resort premises; and

g.  Creating an environment whereby guests would be deceived into believing that they are in a safe and environment where guest comfort and security is their priority; when in reality, Defendants failed to carry out their priority for guest security.

68. All or some of the above acts and/or omissions by Defendants, their agents, their joint venturers and/or employees, directly caused and/or contributed to the Plaintiff being sexually assaulted.

69. Defendants knew of the foregoing conditions causing the subject incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. In addition, Defendants created the dangerous conditions by the lack of supervision and/or security around the time of the subject incident.

70. As a result, all named Defendants herein are responsible for the negligence of their co-venturers, as well as their own active negligence.

71. As a direct and proximate result of the above described negligence, the Plaintiff was injured about her body and extremity, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disabilities, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, aggravation of any

previously existing conditions therefrom, incurred medical expenses in the care and treatment of their injuries including psychiatric care, suffered physical handicap, and her working ability and earning capacity have been impaired. The injuries and damages are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of their vacation, Resort, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendants, including punitive damages, and demands trial by jury of all issues so triable.

### COUNT III – NEGLIGENT SECURITY AGAINST ALL DEFENDANTS

The Plaintiff realleges, incorporates by reference, and adopts the allegations set forth in paragraphs one (1) through fifty-nine (59) above as though alleged originally herein.

72. At all times material, Defendants owed the duty to protect its guests, like Plaintiff and provide reasonable security and/or implement reasonable security measures on resort property.

73. At all times material hereto, Defendants had and/or voluntarily undertook and/or assumed the duty of providing guests with security while on the resort premises by retaining staff to serve as security officers on resort property and/or advertising its resort security online. For instance, the IHG Defendants' website states:

> Safety and security is a key area of focus for our business. IHG employs a team of global risk specialists to coordinate and monitor a safety and security management system to mitigate systemic health and safety or security issues across our hotels.

74. On or about the above date(s), Defendants and/or their controlled subsidiary companies, agents, servants, joint venturers and/or employees breached their duty to Plaintiff through the following acts and/or omissions:

a. Failing to provide a reasonably safe premises upon which resort guests would not be subject to sexual assault;

- 18 -

LIPCON, MARGULIES & WINKLEMAN, P.A.

b. Failing to provide adequate security for guests in public areas of the resort, including, but not limited to, security for vulnerable guests;

c. Failing to adequately monitor guests, so as to keep them away from dangerous guests and/or dangerous situations;

d. Failing to adequately monitor and/or regulate improper and/or illegal conduct of guests and/or invitees on the hotel property;

e. Failing to have a sufficient amount of security officers on duty and/or patrolling the resort to adequately monitor the premises to maintain a high level of security presence, thereby preventing and/or reducing the number and/or severity of incidents;

f. Failing to protect guests from sexual assaults and/or rapes at the hotel;

g. Failing to adequately train its employees;

h. Hiring inexperienced or non-experienced security personnel;

i. Failing to provide an adequate number of supervisory personal at the subject Resort;

j. Performing inadequate security checks of the premises;

k. Creating an environment whereby guests would be deceived into believing that they are in a safe environment where it is safe to interact with other guests and/or invitees; where in reality, guests are at risk of being targeted and attacked by sexual predators.

75. All or some of the above acts and/or omissions by Defendants, their agents, their joint venturers and/or employees, directly caused and/or contributed to the Plaintiff being sexually assaulted.

76. Defendants knew of the foregoing conditions causing the subject incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and corrected

LIPCON, MARGULIES & WINKLEMAN, P.A.

them. In addition, Defendants created the dangerous conditions by the lack of supervision and/or security around the time of the subject incident.

77. As a result, all named Defendants herein are responsible for the negligence of their co-venturers, as well as their own active negligence.

78. As a direct and proximate result of the above described negligence, the Plaintiff was injured about her body and extremity, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disabilities, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of their injuries including psychiatric care, suffered physical handicap, land her working ability and earning capacity have been impaired. The injuries and damages are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of their vacation, hotel, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendants, including punitive damages, and demands trial by jury of all issues so triable.

## COUNT IV – NEGLIGENT FAILURE TO WARN AGAINST ALL DEFENDANTS

The Plaintiff realleges, incorporates by reference, and adopts the allegations set forth in paragraphs one (1) through fifty-nine (59) above as though alleged originally herein.

79. At all material times, Defendants had a duty to exercise reasonable care under the circumstances for the health and personal safety of its guests including Plaintiff.

L I P C O N ,   M A R G U L I E S   &   W I N K L E M A N ,   P . A .

80. At all times material, Defendants owed the duty to protect its guests, like Plaintiff staying at the subject hotel, in places where guests, like Plaintiff, are invited to or may reasonably be expected to visit.

81. On or about the above date(s), Defendants and/or their controlled subsidiary companies, agents, servants, joint venturers and/or employees breached their duty to Plaintiff through the following acts and/or omissions:

   a. Failing to warn guests that Defendants did not and/or could not provide a reasonably safe resort;

   b. Failing to warn guests of the lack of adequate security around and/or on the resort premises;

   c. Failing to warn guests of the lack of training of resort security staff;

   d. Failing to warn guests of the dangers and/or prevalence of sexual assaults while on resort property;

   e. Failing to implement policies or procedures to track prior instances of sexual assaults so that the environment which permits and encourages such behavior can be identified and eliminated and/or guests could be warned of the dangers posed to their health and physical and mental wellbeing; and/or

   f. Creating an environment whereby guests would be deceived into believing that they are in a safe and family-friendly environment where it is safe to interact with other guests and/or invitees; where in reality, guests are at risk of being targeted and attacked by sexual predators.

82. All or some of the above acts and/or omissions by Defendants, their agents, their joint venturers and/or employees, directly caused and/or contributed to the Plaintiff being sexually assaulted.

83. Defendants knew of the foregoing conditions causing the subject incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and corrected

them. In addition, Defendants created the dangerous conditions by the lack of supervision and/or security around the time of the subject incident.

84. As a result, all named Defendants herein are responsible for the negligence of their co-venturers, as well as their own active negligence.

85. As a direct and proximate result of the above described negligence, the Plaintiff was injured about her body and extremity, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disabilities, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of their injuries including psychiatric care, suffered physical handicap, and her working ability and earning capacity have been impaired. The injuries and damages are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of their vacation, hotel, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendants, including punitive damages, and demands trial by jury of all issues so triable.

### COUNT V – NEGLIGENCE AGAINST IHG, SCH, HI, AND HHF FOR THE ACTS OF EAST BAY MANAGEMENT COMPANY LIMITED, AND HOLIDAY INN RESORT MONTEGO BAY BASED ON A THEORY OF VICARIOUS LIABILITY UNDER *ACTUAL AGENCY*

The Plaintiff realleges, incorporates by reference, and adopts the allegations set forth in paragraphs one (1) through fifty-nine (59) above as though alleged originally herein.

86. At all material times, Defendants had a duty to exercise reasonable care under the circumstances for the health and personal safety of its guests including Plaintiff.

- 22 -

87. At all material times, Defendants and the subject Resort were and are engaged in an agency relationship with each other as alleged above.

88. At all material times, IHG, SCH, HI, and HHF, as principals, consented to have EBMC, and the Resort, Holiday Inn Montego Bay acting as their agents.

89. EBMC, and the Resort, Holiday Inn Montego Bay similarly consented to act on behalf of IHG, SCH, HI, and HHF, and to operate the subject Resort together.

90. All named Defendants have control over, or the right to control subject Resort in the execution of their duties, including but not limited to the look and design of the subject Resort, the salaries and payment of employees, the agreements made with subcontractors and concessionaires, and the standard and safety of security on the premises.

91. IHG, SCH, HI, and HHF, are liable for the acts and omissions of its agents, EBMC, and the Resort, Holiday Inn Resort Montego Bay.

92. At all times material, Defendants owed the duty to protect its guests, like Plaintiff staying at the subject hotel, from willful and/or intentional and/or criminal conduct of others, like the assailant, including but not limited to sexual assault, sexual battery, sexual abuse, unwarranted sexual touching, and/or sexual molestation.

93. Defendants breached the duty to exercise reasonable care for the safety of its guests, including Plaintiff, and was negligent in the following ways:

   a. By failing to have an adequate system in effect to prevent guests from being sexually assaulted and battered by rouge guests and/or trespassers;

   b. By failing to adequately monitor and supervise its guest common areas, not limited to the hotel lobby, to ensure that the guests are safe from harm, including sexual assaults;

   c. By failing to adequately train the Resort staff in such a manner to deter trespassers from drugging, following, and raping, guests;
   d. By failing to adequately train the Resort staff to help guests who seem dangerously intoxicated return safely to their room;

e.   By hiring inexperienced or non-experienced security personnel;

f.   By failing to provide an adequate number of supervisory personal;

g.   By performing inadequate security checks of the premises;

h.   By failing to train and/or supervise employees throughout the hotel concerning hotel security, and removal of trespassers;

i.   By failing to adequately warn guests on Defendant's premises that there are real and significant dangers on the premises, including the fact that other guests have been sexually assaulted by employees, guests, and/or trespassers, and by failing to advise guests that a heightened degree of care should be exercised when on the hotel premises, in the spa and other areas;

j.   By deliberately creating an environment whereby guests would be deceived into believing that they are in a safe and friendly "family" environment where it is safe to utilize hotel services and facilities, including the lobby, when in reality, guests are at risk of being targeted and attacked by sexual predators;

k.   By covering up prior sexual assaults on Defendants' premises, thereby preventing the public from gaining knowledge regarding potential dangers at Defendants' resorts regarding sexual assaults;

l.   By failing to investigate similar incidents occurring on Defendant's premises;

m.   By failing to implement policies or procedures to track prior instances of sexual assaults so that the environment which permits and encourages such behavior can be identified and eliminated and/or guests could be warned of the dangers posed to their health and physical and mental wellbeing;

n.   By concealing, suppressing, and mischaracterizing information involving prior incidents where guests are victimized on Defendant's premises;

o.   By protecting Defendant's business interests and media image at the expense of the fundamental rights of the guests and other members of the public who will be subjected to sexual assaults and batteries and otherwise victimized in the future; and

p.   By failing to monitor security cameras on the premises and respond to incidents of assaults and sexual assaults in a timely manner.

94. All or some of the above acts and/or omissions by Defendants, its agents, and/or employees, directly caused and/or contributed to the Plaintiff being sexually assaulted.

95. As a result, Defendants IHG, SCH, HI and HHF, are responsible for the negligence of its agents, EBMC, and the Resort, Holiday Inn Resort Montego Bay, as well as their own negligence.

- 24 -

96. As a direct and proximate result of the above described negligence, the Plaintiff was injured about her body and extremity, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disabilities, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of their injuries including psychiatric care, suffered physical handicap, and her working ability and earning capacity have been impaired. The injuries and damages are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of their vacation, hotel, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendants, including punitive damages, and demands trial by jury of all issues so triable.

### COUNT VI – NEGLIGENCE AGAINST IHG, HI, AND HHF FOR THE ACTS OF EAST BAY MANAGEMENT COMPANY LIMITED, AND HOLIDAY INN RESORT MONTEGO BAY BASED ON A THEORY OF VICARIOUS LIABILITY UNDER *APPARENT AGENCY*

The Plaintiff realleges, incorporates by reference, and adopts the allegations set forth in paragraphs one (1) through fifty-nine (59) above as though alleged originally herein.

97. At all material times, Defendants had a duty to exercise reasonable care under the circumstances for the health and personal safety of its guests including Plaintiff.

98. EAST BAY MANAGEMENT COMPANY LIMITED, and the Resort, Holiday Inn Resort Montego Bay were the apparent agents of INTERCONTINENTAL HOTEL GROUP PLC., HOLIDAY INN, INC., AND HOLIDAY HOSPITALITY FRANCHISING as principals, and/or vice versa.

99. EBMC, and the Holiday Inn Resort Montego Bay were acting within the scope of their apparent authority in the operation of the subject hotel.

- 25 -

100. EBMC, and the Resort, Holiday Inn Resort Montego Bay were the apparent agents of IHG, HI, and HHF because their words and conduct caused plaintiff to believe they were agents with respect to the operation of the subject Resort.

101. At all material times, Plaintiff reasonably believed that the Resort, Holiday Inn Resort Montego Bay, operated under the control of, and for the benefit of Defendants IHG, HI, AND HHF.

102. Plaintiff's belief was reasonable because, at all material times, the Resort, Holiday Inn Resort Montego Bay, represented to the Plaintiff as being the same entity as Defendants IHG, HI, and HHF, in the following ways:

    a.  The URL which took Plaintiff to the Resort's website, in order to complete her booking was and is "https://www.ihg.com/holidayinnresorts/hotels/us/en/montego-bay/mbjrh/hoteldetail?cm_mmc=GoogleMaps-_-RS-_-JM-_-MBJRH", and it includes both IHG and Holiday Inn Resorts in its address;

    b.  Plaintiff saw the IHG and Holiday Inn combined logo, which combines "an IHG Hotel" and "Holiday Inn Resort" both graphically and verbally at the top of the Resort homepage;

    c.  The Resort homepage offers users, including the plaintiff an option to sign in to "IHG 1 Rewards";

    d.  The top of the Resort homepage features the phone number, book a stay, "1888 Holiday". This phone number also appears on the homepage of other, if not all, Holiday Inn Resorts, such as the Holiday Inn Times Square, Holiday Inn Miami North, and Holiday Inn Express & Suits Philadelphia;

    e.  The bottom of the Resort homepage features a list of IHG Resorts;

    f.  While staying at the Holiday Inn Resort Montego Bay, plaintiff saw employees with Holiday Inn/IHG nametags and/or uniforms;

    g.  Any stationary, including notepads in the guest rooms, at the subject Resort had the joint IHG/Holiday Inn logo;

    h.  Plaintiff's room key was affixed with the joint IHG/Holiday Inn logo.

- 26 -

LIPCON, MARGULIES & WINKLEMAN, P.A.

103. At all times material, Plaintiff relied on the above representation made by IHG, SCH, HI, HHF, and EBMC when she booked her stay at the Holiday Inn Resort Montego Bay and, if not for the sense of security created by these representations, Plaintiff would not have stayed at the Holiday Inn Resort Montego Bay and would not have been sexually assaulted.

104. On or about the above date(s), Defendants and/or their controlled subsidiary companies, agents, servants, joint venturers and/or employees breached their duty to Plaintiff through the following acts and/or omissions:

a. By failing to have an adequate system in effect to prevent guests from being sexually assaulted and battered by rouge guests and/or trespassers;

b. By failing to adequately monitor and supervise its guest common areas, not limited to the resort lobby, to ensure that the guests are safe from harm, including sexual assaults;

c. By failing to adequately train the Resort staff in such a manner to deter trespassers from drugging, following, and raping, guests;

d. By failing to adequately train the Resort staff to help guests who seem dangerously intoxicated and/or return safely to their room;

e. By hiring inexperienced or non-experienced security personnel;

f. By failing to provide an adequate number of supervisory personal;

g. By performing inadequate security checks of the premises;

h. By failing to train and/or supervise employees throughout the hotel concerning hotel security, and removal of trespassers;

i. By failing to adequately warn guests on Defendant's premises that there are real and significant dangers on the premises, including the fact that other guests have been sexually assaulted by employees, guests, and/or trespassers, and by failing to advise guests that a heightened degree of care should be exercised when on the hotel premises, in the lobby and other areas;

j. By deliberately creating an environment whereby guests would be deceived into believing that they are in a safe and friendly "family" environment where it is safe to utilize hotel services and facilities, including the lobby, when in reality, guests are at risk of being targeted and attacked by sexual predators;

- 27 -

k.  By covering up prior sexual assaults on Defendants' premises, thereby preventing the public from gaining knowledge regarding potential dangers at Defendants' resorts regarding sexual assaults;

l.  By failing to investigate similar incidents occurring on Defendant's premises;

m.  By failing to implement policies or procedures to track prior instances of sexual assaults so that the environment which permits and encourages such behavior can be identified and eliminated and/or guests could be warned of the dangers posed to their health and physical and mental wellbeing;

n.  By concealing, suppressing, and mischaracterizing information involving prior incidents where guests are victimized on Defendant's premises;

o.  By protecting Defendant's business interests and media image at the expense of the fundamental rights of the guests and other members of the public who will be subjected to sexual assaults and batteries and otherwise victimized in the future; and

p.  By failing to monitor security cameras on the premises and respond to incidents of assaults and sexual assaults in a timely manner.

105. All or some of the above acts and/or omissions by Defendants, its agents, and/or employees, directly caused and/or contributed to the Plaintiff being sexually assaulted.

106. As a result, Defendants INTERCONTINENTAL HOTEL GROUP PLC, HOLIDAY INN, INC., and HOLIDAY HOSPITALITY FRANCHISING, LLC, are responsible for the negligence of its apparent agents, EAST BAY MANAGEMENT COMPANY LIMITED, the Resort, as well as its own negligence.

107. As a direct and proximate result of the above described negligence, the Plaintiff was injured about her body and extremity, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disabilities, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of their injuries including psychiatric care, suffered physical handicap, land her working ability and earning capacity have been impaired. The injuries and damages are permanent or continuing in

LIPCON, MARGULIES & WINKLEMAN, P.A.

nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of their vacation, hotel, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendants, including punitive damages, and demands trial by jury of all issues so triable.

### COUNT VII – NEGLIGENCE AGAINST SIX CONTINENTS HOTELS, INC. FOR THE ACTS OF HOLIDAY INN, INC., HOLIDAY HOSPITALITY FRANCHISING, EAST BAY MANAGEMENT COMPANY LIMITED, AND HOLIDAY INN RESORT MONTEGO BAY BASED ON A THEORY OF VICARIOUS LIABILITY UNDER *UNDISCLOSED AGENCY*

The Plaintiff realleges, incorporates by reference, and adopts the allegations set forth in paragraphs one (1) through fifty-nine (59) above as though alleged originally herein.

108. At all material times, Defendants had a duty to exercise reasonable care under the circumstances for the health and personal safety of its guests including Plaintiff.

109. At all material times, Defendants and the subject Resort were and are engaged in an agency relationship with each other as alleged above.

110. At all material times, SCH, as principal, consented to have HI, HHF, EMBC, and the Resort, Holiday Inn Montego Bay acting as its agents.

111. HI, HHF, EBMC, and the Resort, Holiday Inn Montego Bay similarly consented to act on SCH, and to operate the subject hotel together.

112. SCH, has control over, or the right to control HI, HHF, EBMC, and the subject Resort in the execution of their duties, including but not limited to the look and design of the subject Resort, the salaries and payment of employees, the agreements made with subcontractors and concessionaires, and the standard and safety of security on the premises.

113. At all times material, SCH did not disclose its existence to the Plaintiff, and instead used the branding of its subsidiaries/agents to conduct business with the Plaintiff.

- 29 -

114. As alleged above, and at all times material, the Plaintiff relied, to her detriment on the objective representations of HI and HHF regarding the ownership and management of the subject Resort.

115. As alleged above, as a result of SCH's subsidiaries/agents, HI, HHF, and EBMC, the Plaintiff believed she was contracting with IHG, HI, and HHF when she booked her stay at the subject Resort.

116. SCH is liable for the acts and omissions of its agents, HI, HHF, EBMC, and the Resort, Holiday Inn Resort Montego Bay.

117. HI, HHF, EBMC, and the subject Resort, Holiday Inn Resort Montego Bay, are liable for the acts of its undisclosed principal, SCH.

118. At all times material, SCH and its agents owed the duty to protect its guests, like Plaintiff staying at the subject Resort, from willful and/or intentional and/or criminal conduct of others, like the assailant, including but not limited to sexual assault, sexual battery, sexual abuse, unwarranted sexual touching, and/or sexual molestation.

119. Defendant SCH breached the duty to exercise reasonable care for the safety of its guests, including Plaintiff, and was negligent in the following ways:

   a. By failing to have an adequate system in effect to prevent guests from being sexually assaulted and battered by rouge guests and/or trespassers;

   b. By failing to adequately monitor and supervise its guest common areas, not limited to the hotel lobby, to ensure that the guests are safe from harm, including sexual assaults;

   c. By failing to adequately train the Resort staff in such a manner to deter trespassers from drugging, following, and raping, guests;

   d. By failing to adequately train the Resort staff to help guests who seem dangerously intoxicated return safely to their room;

   e. By hiring inexperienced or non-experienced security personnel;

   f. By failing to provide an adequate number of supervisory personal;

LIPCON, MARGULIES & WINKLEMAN, P.A.

g.  By performing inadequate security checks of the premises;

h.  By failing to train and/or supervise employees throughout the hotel concerning hotel security, and removal of trespassers;

i.  By failing to adequately warn guests on Defendant's premises that there are real and significant dangers on the premises, including the fact that other guests have been sexually assaulted by employees, guests, and/or trespassers, and by failing to advise guests that a heightened degree of care should be exercised when on the hotel premises, in the spa and other areas;

j.  By deliberately creating an environment whereby guests would be deceived into believing that they are in a safe and friendly "family" environment where it is safe to utilize hotel services and facilities, including the lobby, when in reality, guests are at risk of being targeted and attacked by sexual predators;

k.  By covering up prior sexual assaults on Defendants' premises, thereby preventing the public from gaining knowledge regarding potential dangers at Defendants' resorts regarding sexual assaults;

l.  By failing to investigate similar incidents occurring on Defendant's premises;

m.  By failing to implement policies or procedures to track prior instances of sexual assaults so that the environment which permits and encourages such behavior can be identified and eliminated and/or guests could be warned of the dangers posed to their health and physical and mental wellbeing;

n.  By concealing, suppressing, and mischaracterizing information involving prior incidents where guests are victimized on Defendant's premises;

o.  By protecting Defendant's business interests and media image at the expense of the fundamental rights of the guests and other members of the public who will be subjected to sexual assaults and batteries and otherwise victimized in the future; and

p.  By failing to monitor security cameras on the premises and respond to incidents of assaults and sexual assaults in a timely manner.

120. All or some of the above acts and/or omissions by Defendants, its agents, and/or employees, directly caused and/or contributed to the Plaintiff being sexually assaulted.

121. As a result, Defendants SIX CONTINENTS HOTELS, INC. is responsible for the negligence of its agents HOLIDAY INN, INC., HOLIDAY HOSPITALITY FRANCHISING, LLC, EAST BAY MANAGEMENT COMPANY LIMITED, and the Resort, Holiday Inn Resort Montego Bay, as well as their own negligence.

L I P C O N ,   M A R G U L I E S   &   W I N K L E M A N ,   P . A .

122. As a result, Defendants HOLIDAY INN, INC., HOLIDAY HOSPITALITY FRANCHISING, LLC, and EAST BAY MANAGEMENT COMPANY LIMITED are liable for the actions of its undisclosed principal, SIX CONTINENTS HOTELS, INC.

123. As a direct and proximate result of the above described negligence, the Plaintiff was injured about her body and extremity, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disabilities, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of their injuries including psychiatric care, suffered physical handicap, and her working ability and earning capacity have been impaired. The injuries and damages are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of their vacation, hotel, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendants, including punitive damages, and demands trial by jury of all issues so triable.

## <u>COUNT VIII – GENERAL NEGLIGENCE AGAINST ALL DEFENDANTS</u>

The Plaintiff realleges, incorporates by reference, and adopts the allegations set forth in paragraphs one (1) through fifty-nine (59) above as though alleged originally herein.

124. At all material times, Defendants had a duty to exercise reasonable care under the circumstances for the health and personal safety of its guests including Plaintiff.

125. On or about the above date(s), Defendants and/or their controlled subsidiary companies, agents, servants, joint venturers and/or employees breached their duty to Plaintiff through the following acts and/or omissions:

    a. Failing to provide a reasonably safe premises upon which resort guests would not be subject to sexual assault;

L I P C O N ,   M A R G U L I E S   &   W I N K L E M A N ,   P . A .

b. Failing to provide adequate security for guests in public areas of the resort;

c. Failing to adequately monitor guests, so as to keep them away from dangerous guests and/or dangerous situations;

d. Failing to adequately monitor and/or regulate improper and/or illegal conduct of guests and/or invitees on the hotel property;

e. Failing to have a sufficient amount of security officers on duty and/or patrolling the resort to adequately monitor the premises to maintain a high level of security presence, thereby preventing and/or reducing the number and/or severity of incidents;

f. Failing to protect guests from sexual assaults and/or rapes at the hotel;

g. Failing to adequately train its employees;

h. Hiring inexperienced or non-experienced security personnel;

i. Failing to provide an adequate number of supervisory personal at the subject Resort;

j. Performing inadequate security checks of the premises;

k. Creating an environment whereby guests would be deceived into believing that they are in a safe environment where it is safe to interact with other guests; where in reality, guests are at risk of being targeted and attacked by sexual predators.

126. All or some of the above acts and/or omissions by Defendants, their agents, their joint venturers and/or employees, directly caused and/or contributed to the Plaintiff being sexually assaulted.

127. Defendants knew of the foregoing conditions causing the subject incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. In addition, Defendants created the dangerous conditions by the lack of supervision and/or security around the time of the subject incident.

- 33 -

128. As a result, all named Defendants herein are responsible for the negligence of their co-venturers, as well as their own active negligence.

129. As a direct and proximate result of the above described negligence, the Plaintiff was injured about her body and extremity, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disabilities, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of their injuries including psychiatric care, suffered physical handicap, land her working ability and earning capacity have been impaired. The injuries and damages are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of their vacation, hotel, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendants, including punitive damages, and demands trial by jury of all issues so triable.

Respectfully submitted,

LIPCON, MARGULIES,
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
2800 Ponce de Leon Blvd., Suite 1480
Coral Gables, Florida 33134
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By:      */s/ Stefanie A. Black*
**MICHAEL WINKLEMAN**
Florida Bar No. 36719
mwinkleman@lipcon.com
**STEFANIE A. BLACK**
Florida Bar No. 111903
sblack@lipcon.com

LIPCON, MARGULIES & WINKLEMAN, P.A.